**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| WARREN COMMUNICATIONS NEWS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>CRANE WORLDWIDE LOGISTICS, LLC<br><br>Defendant | Civil Action No: 4:26-cv-07526<br><br>Trial by jury is demanded |

**COMPLAINT**

Plaintiff Warren Communications News, Inc. ("Plaintiff" or "Warren") brings this Complaint for monetary damages and injunctive and other relief against Defendant Crane Worldwide Logistics, LLC ("Defendant" or "Crane"). Warren alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* Defendant continuously and systematically made and distributed unauthorized copies of *International Trade Today* and *Export Compliance Daily*, Warren's copyrighted daily newsletters. Defendant's practice of unauthorized copying and distribution was willful and substantially damaged Warren's core business. By purchasing a single individual subscription to *International Trade Today* and a three-user group subscription to *Export Compliance Daily* and then making multiple unauthorized copies of each issue of each newsletter for use in its business, Defendant has caused significant harm to Warren and has earned unjust profits for itself. Warren seeks all remedies afforded by the Copyright Act, including statutory damages, or actual damages and Defendant's profits, and an award of costs

including legal fees. Because Defendant's infringements were willful and included as many as 1250 registered works, and because a jury has discretion to award statutory damages of up to $150,000 for each willfully infringed registered work, Defendant's potential liability may be substantial.

**JURISDICTION AND VENUE**

2. This is a civil action seeking monetary relief for copyright infringement under the laws of the United States, 17 U.S.C. § 101 *et seq.*

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, which provides original jurisdiction of all civil actions arising under federal law, and 28 U.S.C. § 1338(a), which provides original jurisdiction of all civil actions arising under federal copyright law.

4. Defendant is subject to personal jurisdiction in this District, and venue is proper here under 28 U.S.C. §§ 1391 and 1400(a).

**PARTIES**

5. Plaintiff Warren is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Washington, DC. Warren, a family-owned and -operated company, was founded in 1945 in Washington, DC, where it is still headquartered. Originally established to cover the then-emerging medium of television, Warren today is a publisher of hard news and analysis in the fields of international trade, communications, the Internet, and privacy. Warren has approximately 30 employees.

6. Defendant Crane is a limited liability company organized under the laws of the State of South Dakota that has its principal place of business in Houston, Texas. It is a for-profit business that describes itself as a leader in supply chain solutions with over 150 locations across

33 countries providing individual services that address its clients' logistics challenges. It has more than 4500 employees worldwide.

## ALLEGATIONS

7. Warren creates and publishes *International Trade Today* approximately 250 times per year. Warren creates and publishes *Export Compliance Daily* approximately 250 times per year.

8. Warren is, and at all relevant times has been, the exclusive owner of all copyrights under Title 17 of the United States Code in certain original works of authorship, to wit, issues of the *International Trade Today* newsletter published by Warren between April 1, 2023 and April 30, 2025 and issues of the *Export Compliance Daily* newsletter published by Warren between June 1, 2022 and April 30, 2025 (collectively, "Copyrighted Materials").

9. The Copyrighted Materials have been distributed by Warren to individuals who have entered subscription agreements or who have purchased individual issues of the newsletter. The Warren Copyrighted Materials are covered by certificates of copyright registration issued by the U.S. Copyright Office, identified as follows:

| Certificate Number | Publication Month | Number of Newsletters | Registration Effective Date | Registration Decision Date |
|---|---|---|---|---|
| | | ***Export Compliance Daily*** | | |
| TX 9-147-599 | June 2022 | 21 | July 8, 2022 | July 26, 2022 |
| TX 9-171-279 | July 2022 | 20 | August 5, 2022 | September 21, 2022 |
| TX 9-195-129 | August 2022 | 23 | September 25, 2022 | November 17, 2022 |
| TX 9-216-588 | September 2022 | 21 | October 14, 2022 | January 26, 2023 |
| TX 9-207-931 | October 2022 | 20 | November 15, 2022 | January 3, 2023 |
| TX 9-223-196 | November 2022 | 20 | December 16, 2022 | February 13, 2023 |
| TX 9-238-597 | December 2022 | 21 | January 5, 2023 | March 27, 2023 |
| TX 9-246-136 | January 2023 | 20 | February 22, 2023 | April 13, 2023 |
| TX 9-253-853 | February 2023 | 19 | March 18, 2023 | May 1, 2023 |
| TX 9-265-044 | March 2023 | 23 | May 22, 2023 | May 22, 2023 |
| TX 9-267-820 | April 2023 | 20 | May 16, 2023 | May 30, 2023 |
| TX 9-305-544 | May 2023 | 22 | June 8, 2023 | August 31, 2023 |
| TX 9-325-431 | June 2023 | 21 | July 26, 2023 | October 31, 2023 |
| TX 9-337-367 | July 2023 | 20 | August 29, 2023 | December 5, 2023 |

| Certificate Number | Publication Month | Number of Newsletters | Registration Effective Date | Registration Decision Date |
|---|---|---|---|---|
| TX 9-349-708 | August 2023 | 23 | September 18, 2023 | January 17, 2024 |
| TX 9-356-916 | September 2023 | 20 | October 16, 2023 | February 5, 2024 |
| TX 9-359-684 | October 2023 | 21 | November 17, 2023 | February 12, 2024 |
| TX 9-367-682 | November 2023 | 20 | December 15, 2023 | March 7, 2024 |
| TX 9-375-601 | December 2023 | 20 | January 23, 2024 | April 1, 2024 |
| TX 9-387-289 | January 2024 | 21 | February 21, 2024 | May 6, 2024 |
| TX 9-389-502 | February 2024 | 20 | March 14, 2024 | May 13, 2024 |
| TX 9-399-005 | March 2024 | 21 | April 19, 2024 | June 12, 2024 |
| TX 9-404-291 | April 2024 | 22 | May 17, 2024 | June 27, 2024 |
| TX 9-412-183 | May 2024 | 22 | June 27, 2024 | July 25, 2024 |
| TX 9-417-501 | June 2024 | 19 | July 12, 2024 | August 12, 2024 |
| TX 9-428-687 | July 2024 | 22 | August 20, 2024 | September 19, 2024 |
| TX 9-438-229 | August 2024 | 22 | September 17, 2024 | October 24, 2024 |
| TX 9-442-763 | September 2024 | 20 | October 21, 2024 | November 7, 2024 |
| TX 9-468-133 | October 2024 | 22 | November 22, 2024 | February 12, 2025 |
| TX 9-473-209 | November 2024 | 19 | December 24, 2024 | February 27, 2025 |
| TX 9-482-756 | December 2024 | 21 | January 28, 2025 | March 26, 2025 |
| TX 9-500-483 | January 2025 | 21 | March 11, 2025 | May 14, 2025 |
| TX 9-502-945 | February 2025 | 19 | March 14, 2025 | May 21, 2025 |
| TX 9-506-095 | March 2025 | 21 | April 18, 2025 | June 3, 2025 |
| TX 9-510-344 | April 2025 | 22 | May 30, 2025 | June 16, 2025 |
| ***International Trade Today*** | | | | |
| TX 9-267-805 | April 2023 | 20 | May 16, 2023 | May 30, 2023 |
| TX 9-304-650 | May 2023 | 22 | June 8, 2023 | August 29, 2023 |
| TX 9-328-753 | June 2023 | 21 | July 26, 2023 | November 8, 2023 |
| TX 9-338-124 | July 2023 | 20 | August 29, 2023 | December 7, 2023 |
| TX 9-350-162 | August 2023 | 23 | September 18, 2023 | January 18, 2024 |
| TX 9-356-866 | September 2023 | 20 | October 16, 2023 | February 5, 2024 |
| TX 9-349-713 | October 2023 | 21 | November 17, 2023 | January 17, 2024 |
| TX 9-364-738 | November 2023 | 20 | December 15, 2023 | February 28, 2024 |
| TX 9-375-584 | December 2023 | 20 | January 23, 2024 | April 1, 2024 |
| TX 9-370-793 | January 2024 | 21 | February 21, 2024 | March 18, 2024 |
| TX 9-391-958 | February 2024 | 20 | March 14, 2024 | May 20, 2024 |
| TX 9-399-699 | March 2024 | 21 | April 19, 2024 | June 13, 2024 |
| TX 9-402-862 | April 2024 | 22 | May 17, 2024 | June 24, 2024 |
| TX 9-411-808 | May 2024 | 22 | June 27, 2024 | July 24, 2024 |
| TX 9-417-505 | June 2024 | 19 | July 12, 2024 | August 12, 2024 |
| TX 9-431-343 | July 2024 | 22 | August 20, 2024 | September 26, 2024 |
| TX 9-437-763 | August 2024 | 22 | September 17, 2024 | October 23, 2024 |
| TX 9-441-444 | September 2024 | 20 | October 21, 2024 | November 4, 2024 |
| TX 9-467-563 | October 2024 | 22 | November 22, 2024 | February 10, 2025 |
| TX 9-472-352 | November 2024 | 19 | December 24, 2024 | February 26, 2025 |
| TX 9-483-370 | December 2024 | 21 | January 28, 2025 | March 27, 2025 |
| TX 9-489-803 | January 2025 | 21 | March 11, 2025 | April 14, 2025 |
| TX 9-499-604 | February 2025 | 19 | March 14, 2025 | May 12, 2025 |
| TX 9-504-379 | March 2025 | 21 | April 18, 2025 | May 28, 2025 |

| Certificate Number | Publication Month | Number of Newsletters | Registration Effective Date | Registration Decision Date |
|---|---|---|---|---|
| TX 9-510-364 | April 2025 | 22 | May 30, 2025 | June 16, 2025 |

10. Among the rights granted to Warren by the Copyright Act are the exclusive right to reproduce the Copyrighted Materials and the exclusive right to distribute the Copyrighted Materials to the public.

11. On or about April 10, 2023, Tracey Anthony, Crane's Vice President and Chief Compliance Officer, signed an agreement to obtain access to *International Trade Today*. The agreement identified Ms. Anthony as the sole authorized recipient of Defendant's subscription to *International Trade Today*. She has remained the sole authorized recipient at Crane of *International Trade Today* at all relevant times thereafter. As most recently renewed, the subscription expired on April 9, 2025.

12. The agreement under which Defendant received access to *International Trade Today*, as signed by Ms. Anthony on or about April 10, 2023, and subsequently accepted by Warren, provided the following terms and conditions:

> You, as the designated individual subscriber, may view the Executive Summary, PDF newsletter and/or bulletins on a computer or similar device. You may print one paper copy for your own use. Copies created as part of the normal background operation of a computer system and not normally viewed (e.g., system back-up), are permissible. You individually may use your password to access and view the material on the ***International Trade Today*** website and print or save one copy of articles or search results for your own use. You may not share your password and no one but you is authorized to use it.
>
> Except as provided above, no copying or distribution in any media is authorized. For example, no part of an Executive Summary, a PDF newsletter, a bulletin, or a website article may be forwarded or posted to facilitate viewing by others, except by prior written permission authorized by us. Unauthorized access, viewing, copying or distribution infringes our rights and may have serious consequences. A "share" function, if one is offered, must be used directly and does not authorize other sharing. To ensure electronic delivery accuracy and copyright compliance, we may

> choose to use a monitoring service. This service provides us certain technical and usage data from any computer that opens the Executive Summary or the complete newsletter. We will not share this information with anyone outside the company, nor will we use it for any commercial purpose. More information about our data collection practices is at https://warren-news.com/privacy.

13. Under Defendant's subscription, Warren delivered *International Trade Today* electronically to Ms. Anthony at her Crane email address. Each issue was delivered by email as a PDF attachment from Warren.

14. Each delivery email providing the Personal Executive Summary of *International Trade Today* contained a statutory copyright notice and warned that "reproduction or retransmission in any form of either the email or the underlying content, without written permission, is a violation of Federal Statute (17 U.S.C. 101 *et seq.*)."

15. Each issue of *International Trade Today* included a statutory notice of copyright and a warning that "reproduction or retransmission in any form, without written permission, is a violation of Federal Statute (17 USC 101 et seq.)."

16. Additionally, issues of *International Trade Today* frequently included the following boxed warning:

> **It's Against the Law…**
>
> … to copy, forward or disseminate this newsletter or its Executive Summary except as authorized by your subscription agreement. Federal copyright law (17 USC 101 et seq.) makes infringers liable for statutory damages awards of up to $150,000 per issue copied.
>
> Warren Communications News, Inc. frequently has taken action against individuals and firms that infringed our copyrights, and we will continue to do so. Firms should train and supervise their personnel to guard against illegal copying of this publication, which subsists primarily on subscription revenue. To monitor copyright compliance, we may choose to use a monitoring service.

17. On or about June 6, 2022, Ms. Anthony signed an agreement to obtain access to *Export Compliance Daily*. The agreement provided that up to three authorized recipients were authorized to receive *Export Compliance Daily*. Those authorized recipients, at all relevant times thereafter, have included Ms. Anthony, Senior Manager for Global Trade Compliance Noelle Huang, and Director of Quality, Health & Safety, Security, and Customs & Trade Compliance Peter Rodwell. The subscription expired on June 23, 2025.

18. The agreement under which Defendant received access to *Export Compliance Daily*, as signed by Ms. Anthony on or about March 23, 2023, and subsequently accepted by Warren, provided the following terms and conditions:

> Each authorized recipient may view the Executive Summary, the PDF newsletter and/or a bulletin on a computer or similar device. An authorized recipient may print one paper copy for their own use. Copies created as part of the normal background operation of a computer system and not normally viewed (e.g., system back-up), are permissible. An authorized recipient may use their password to access and view the material on the ***Export Compliance Daily*** website and print or save one copy of articles or search results for their own use. Authorized recipients may not share their password and no one else is authorized to use it.
>
> Except as provided above, no copying or distribution in any media is authorized. For example, no part of an Executive Summary, a PDF newsletter, a bulletin, or a website article may be forwarded or posted to facilitate viewing by others, except by prior written permission authorized by us. Unauthorized access, viewing, copying or distribution infringes our rights and may have serious consequences. A "share" function, if one is offered, must be used directly and does not authorize other sharing. To ensure electronic delivery accuracy and copyright compliance, we may choose to use a monitoring service. This service provides us certain technical and usage data from any computer that opens the Executive Summary or the complete newsletter. We will not share this information with anyone outside the company, nor will we use it for any commercial purpose. More information about our data collection practices is at https://warren-news.com/privacy.

19. Under Defendant's subscription, Warren delivered *Export Compliance Daily* electronically to Ms. Anthony and to Ms. Huang at their Crane email addresses. Each issue was delivered as a PDF attachment to an email sent by Warren.

20. Each delivery email providing the Personal Executive Summary of *Export Compliance Daily* contained a statutory copyright notice and warned that "reproduction or retransmission in any form of either the email or the underlying content, without written permission, is a violation of Federal Statute (17 U.S.C. 101 *et seq.*)."

21. Each issue of *Export Compliance Daily* included a statutory notice of copyright and a warning that "reproduction or retransmission in any form, without written permission, is a violation of Federal Statute (17 USC 101 et seq.)."

22. Additionally, issues of *Export Compliance Daily* frequently included the following boxed warning:

> **It's Against the Law…**
>
> … to copy, forward or disseminate this newsletter or its Executive Summary except as authorized by your subscription agreement. Federal copyright law (17 USC 101 et seq.) makes infringers liable for statutory damages awards of up to $150,000 per issue copied.
>
> Warren Communications News, Inc. frequently has taken action against individuals and firms that infringed our copyrights, and we will continue to do so. Firms should train and supervise their personnel to guard against illegal copying of this publication, which subsists primarily on subscription revenue. To monitor copyright compliance, we may choose to use a monitoring service.

23. In or around early 2023, authorized recipients Ms. Anthony and Ms. Huang began making and providing unauthorized copies of the Copyrighted Materials to other present and former employees and officers of Defendant and to locations outside of Defendant's offices. Defendant knew of and authorized these infringing activities through its agents, including Ms.

Anthony and Ms. Huang; benefitted from them; supplied the means of copying and distributing; and had the ability to control the infringements. On information and belief, Defendant and its employees, officers and other persons receiving unauthorized copies of the Copyrighted Materials caused further unauthorized copies of those Copyrighted Materials to be made and/or distributed. Defendant's personnel committed all relevant acts in the scope of their employment and for Defendant's business.

24. On information and belief, at least 1250 separate issues of the Copyrighted Materials were copied and disseminated by Defendant, all without authority from Warren.

25. Warren discovered the unauthorized copying during early 2025 and sent Defendant's then-Corporate Counsel, Tanya White, a cease-and-desist letter on March 17, 2025. By exchange of emails on November 5, 2025, the parties entered an agreement tolling the running of the statute of limitations and other time bars, effective beginning March 17, 2025.

## CLAIM FOR RELIEF

(Infringement of Federally Registered Copyright – 17 U.S.C. § 501 *et seq.*)

26. Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint as if set forth in full herein.

27. Warren is the exclusive owner of valid and timely registered copyrights in the Copyrighted Materials.

28. Defendant's unauthorized copying and distribution of the Copyrighted Materials directly infringes Warren's registered copyrights therein in violation of 17 U.S.C. § 101 *et seq.* Defendant also is liable for the further infringements that occurred when copies it delivered were used as Defendant induced, intended, and encouraged. Defendant is liable as a direct, vicarious, and contributory infringer.

29. Defendant's acts of infringement have been willful, intentional, and in reckless disregard of and indifferent to the rights of Plaintiff. They have injured and damaged Plaintiff in an amount to be determined.

30. At any time before final judgment, Plaintiff is entitled to elect to receive statutory damages in lieu of actual damages and profits. *See* 17 U.S.C. § 504(c). For willful copyright infringement, the jury may award up to $150,000 for each of the 1250 infringed issues, *i.e.*, approximately $187,500,000. Defendant's infringement of each work was willful.

31. Plaintiff alternatively may choose to recover Defendant's profits attributable to infringement plus Plaintiff's actual damages. *See* 17 U.S.C. § 504(a). The statute provides that "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenues, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Defendant's gross revenues over the period of the infringement are not known to Plaintiff at this time but will be determined during discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

1. For a money judgment against Defendant:

(a) For Plaintiff's actual damages for infringement, and, after an accounting, for profits attributable to the infringement; or

(b) At Plaintiff's election prior to the entry of final judgment in this case, and as an alternative to actual damages and profits, an award of statutory damages as permitted by the Copyright Act, for each of Plaintiff's timely registered works infringed,

including enhanced statutory damages of $150,000 per work for each of the works willfully infringed and timely registered; and

2. For an injunction against further infringement;

3. For an award of pre-judgment and post-judgment interest;

4. For Plaintiff's costs of this action, including Plaintiff's reasonable attorneys' fees incurred in this action; and

5. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: September 8, 2026

Respectfully submitted,

By: */s/ Mark B. Sweet*

Mark B. Sweet
Attorney-in-Charge
DC Bar No. 490987
SDTX Bar No. 3751436
Bruce L. McDonald *
DC Bar No. 73429
bmcdonald@wiley.law
Corey Weinstein *
DC Bar No. 230609
TX Bar No. 24037685
cweinstein@wiley.law
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
(202) 719-7000
msweet@wiley.law

*Counsel for Plaintiff Warren Communications News, Inc.*

**Pro hac vice application forthcoming*